Would you call the first case please. With the attorneys who are going to argue that case, please each stand and just tell us your names. Good morning or good afternoon. This is Attorney Gavin Dow on behalf of Ellen Tarrant. Good morning, Your Honor. This is Assistant Attorney Joseph Alexander on behalf of the people of the state of Illinois. Mr. Alexander is working a very long day. This is still morning for him. Good afternoon. All right. As you both know, you have 20 minutes. You do not need to use the full 20 minutes. Would Mr. Dow like to reserve some time for rebuttal? All right. Okay. All right. And just keep your voices up nice and loud. Also, I want to make clear that we did grant your motion to withdraw the second issue. So you don't need to address that. All right. Whenever you're ready. Once again, good afternoon. May it please the Court. To sustain a conviction for any type of attempted kidnapping, the state has to prove that the defendant intended to secretly confine the alleged victim. Under the Jackson Sufficiency Standard, what that means is there have to be some facts and evidence that not only give rise to a reasonable inference of an intent to secretly confine, but allow a judge or jury to rationally conclude that there is no reasonable doubt that that was the defendant's intent. And in this case, we just don't have facts that allow that to happen. The state never established what it is that Mr. Hill was trying to do with Isaiah, and it certainly didn't establish beyond a reasonable doubt that his intent that morning was to secretly confine him. Essentially, what happened in this case is a simple failure of proof. Is the intent the only element that you are arguing at this point is really missing, as opposed to the absence of a substantial step which would be necessary for the attempt? That's correct, Your Honor. We're just arguing the intent. This was a case where there was evidence for the trial court to weigh on this. This was a case where there was a credibility issue that was sufficiently strong to call into question the trial court's finding. This wasn't a case where you needed to resolve conflicts in the evidence or choose from competing inferences. Well, the two witnesses, both of whom the trial court found to be credible, seemed to believe that it was Mr. Hill's intent. Is that evidence the trial court's entitled to rely on? The two witnesses for the state were Isaiah's father and his grandfather. It is absolutely natural to be concerned when someone you don't know picks up your child and starts to walk that something really bad is about to happen. I'm a father of an almost two-year-old. I understand that. Well, that concern does not translate to evidence that that was, in fact, Mr. Hill's intent. The concern arises because you don't know what he's going to do. And that's precisely the problem with the state's case here, is we don't know from the state's case in chief what Mr. Hill's intent was. Obviously, we have a picture of what he was thinking that comes in through the expert witnesses on both sides. But there was nothing affirmatively in the state's case saying this is what Mr. Hill intended to do, or any facts that would allow you to rationally conclude beyond a reasonable doubt that that's what he was intending to do. Now, the case law gives a couple of examples of how you can do this. One way that you can prove the defendant's intent is to establish where the defendant was taking the alleged victim. The Banks case is a perfect example of this. The defendant in that case pulled a 12-year-old boy toward a gangway, and evidence that he did that proved that he was trying to secretly confine the boy because the gangway is not a public space. So the trial of fact can fairly conclude that the defendant is trying to take the alleged victim out of public view. Here, though, there's no evidence about where Mr. Hill was going. All we have is that he walked approximately 10 feet away from the water. And away from his family. Yes. His family was sitting around Isaiah. He didn't walk toward the family and gesture toward the family, here's your baby or your child. He walked with the baby to his stomach or chest, right? Hidden from the people behind him, presumably because it's a 2-year-old, and he's walking away from where the family was. So what is an unreasonable inference to be drawn from that? Nothing? Well, the problem is that there are a lot of different reasons why somebody might do that. I went over some of them in the reply brief, obviously. But, you know, even if, well, no, I'll put it this way. He was walking away from the family. He didn't walk very far. It's not clear whether Mr. Hill was aware that Isaiah was sitting in the midst of his family. It is clear that he picked up Isaiah without trying to hide what he was doing at that point, because he was seen doing it. There were people around. Well, that doesn't mean he was not trying to hide it. The fact that he was seen doesn't mean he intended to be seen. I think I understand your point, but the ultimate question is whether there's proof that he intended to secretly confide Isaiah. And so even if we have a situation where we're concerned about why this is happening, that doesn't mean that the state proved an attempted aggravated kidnapping. Now, the evidence here was certainly sufficient to prove that Mr. Hill committed an unlawful restraint. That's a felony. So that's already a serious offense, and we're not contesting that the evidence was sufficient to prove that offense. But to elevate that to an attempted kidnapping, you have to have evidence that the defendant is going to be secretly or intending to secretly confide, in this case, Isaiah. A moment ago I said one way you answer that question is by showing where the defendant was going. You can also answer that question with evidence showing why the defendant was doing what they were doing. An example of that would be the Gonzalez case, because in Gonzalez there was evidence that the defendant wanted to essentially steal a baby that she could pass off as her own. But again, we don't have evidence in the state's case in chief, at least, about why Mr. Hill did this. So I agree with that. It just goes back to what I said a few minutes ago. It really is just a failure of proof. And certainly one might be suspicious. It makes complete sense for the police to get involved. But once we get to the end of the process, once we're at trial, and once we're getting to a finding of guilty or not guilty, the state has the burden of showing what it was that the defendant was trying to do. And the bottom line is that there's just no evidence that that was going to be secretly confined. Well, we're frequently confronted with cases where you cannot directly prove intent or knowledge or absence of mistake. You have to infer them from the facts and circumstances of the case. And it seems to me that what you're arguing is ten steps is not enough. Maybe if he had taken 25 steps away and kept on walking, but maybe that wouldn't have been enough either, that maybe you had to wait until he got on a bus or slid under a tent and did something else. You know, those imponderables. But the standard really is, is can a reasonable fact finder, any reasonable fact finder, make the inference that was made in this case, the attempt to secretly confine him? I think I have two points of response, Your Honor. The first one is I really do want to emphasize that it's not just about drawing an inference. It's about drawing an inference that is sufficiently powerful that can allow any reasonable fact finder to come to a rational conclusion that there's no reasonable doubt left about the defendant's intent. So a reasonable doubt. If there was not a reasonable doubt. Now, as far as the distance goes, I would agree that ten feet is not far enough to really be able to say anything about what it is the defendant is trying to do other than what he has already done. I'm not prepared to say that, you know, 25 feet or 100 feet or 1,000 feet, you know, that would allow it to happen. Obviously, if you get into a significant distance, much more than the distance in this case, it might be possible to infer at that point that the defendant is trying to secretly confine the child. But the distance is really all the state has. And the thing about that is that distance is just aspertation. That's an element of the completed offense of kidnapping. So there's three types of kidnapping. The second type, under section 720-ISCS 5-10-1A2. And that's what we have here. Right. This is an attempt to that kind of kidnapping. Is that what's charged here? Well, it's charged as attempted kidnapping. My point is one of the types of attempted, of complete kidnapping is aspertation plus the intent to secretly confine. Right. And what that tells us is that aspertation alone, really moving someone a distance, that in and of itself isn't enough. You have to have something on top of that. Now, it might be that there's a considerable distance. Or it might be you know why the defendant is doing it, like the court did in Gonzalez. Or it might be you know where the defendant is going, like in the Banks case. But there's got to be something. Because otherwise, what we have here is a conviction that is based on speculation, based on probabilities. And you know, maybe even fair speculation. Maybe even fair probabilities. Well, does the briefcase and the other belongings figure in at all in your argument? Well, certainly the fact that he left his briefcase behind when he went to pick the child up, that cuts against this being an intent to essentially run off with him. But it almost doesn't matter, Your Honor, because that doesn't need to come into play. Because the state doesn't have anything to show that his intent is, in fact, to secretly confine. If that makes sense. So the briefcase just becomes part of the context in which we look at everything else. Well, the briefcase is a fact. The briefcase is a fact. And as we've argued, it's a fact that really cuts in our favor. But there is the more fundamental point that we don't need additional facts that cut in our favor because the state doesn't have anything that cuts in its favor. Is there no further questions? Is there any rest of my time? Okay. Thank you. Thank you. Good afternoon, Your Honors. May it please the Court. I'm Assistant State's Attorney Joseph Alexander on behalf of the people of the state of Illinois. In this case, the evidence was more than sufficient to support the finding of guilt beyond a reasonable doubt. When reviewing this case, there are three things that are important to remember. First, intent is rarely proven by direct evidence. Second, intent can be proven by both the surrounding circumstances, including the defendant's action. And third, and probably most importantly, intent is a question for the trier of fact. In this case, the trier of fact heard all of the evidence and found that the defendant did have the attempt to commit attempt aggravated kidnapping. Okay. But based on what? The facts of this case show that the defendant stood on the beach and watched this victim's family for approximately five minutes. The defendant walked to the water, grabbed this victim, picked this victim up, held the victim to his chest and walked away. With his back, the child's back to his chest. Yes. So the face of the child was out. Yes. Okay. Walked away from the water and walked a considerable distance, enough for the father to have to run ten feet to get this child back. When we look at these facts, it is reasonable for the trier of fact to have concluded that the defendant had an intent to commit aggravated kidnapping. Again, when we're reviewing sufficiency of the evidence cases, the only way that this case can be reversed is if it can be said that those facts were completely unsatisfactory, unreasonable or improbable. And in this case, they weren't. So we have a transportation of a child. That is, as counsel points out, an element of the offense, right? He has to transport the child. Yes. And he has to have the intent to secretly confine. Yes. Okay. So does transporting the child ten feet in and of itself, are you suggesting that that is enough evidence on which to infer an intent to secretly confine? I'm saying that the totality of the evidence. And what else besides transporting him ten feet? That's my question. Is there anything else? Those are the essential facts of the case. And even though the defendant wants to focus on that it was only ten feet, when we look at these facts and look at the totality of the case, and there was testimony that the defendant thought that, you know, the child was in danger and he was saving the child. But if we look at the facts, the defendant didn't pick this child up, take him from the water, and simply put him on the beach. The defendant didn't call out to the family. The defendant didn't give the child back to the family. The defendant waited and watched this family for, according to the testimony, five minutes, then went to the water and picked up this child, and then walked away, and the father had to run after the defendant, and the defendant didn't hand the child over. The testimony is that the father had to grab the child from the defendant. When we look at these facts, it's enough for a reasonable triad fact to say that there was an intent to secretly confine. And the defendant talks about his briefcase and how he would not have wanted to leave that on the beach. Well, that actually cuts in the people's favor. Because if it was so important for him, and he was simply trying to save his child, and he picked the child up, why would he leave his briefcase as he walked away? Wasn't the testimony that when he actually left, he had his briefcase? That's after the father had grabbed the child from him. Right, but he went back and got his briefcase. He didn't leave the beach without it. But the testimony is that he was walking away with the child, and he didn't have his briefcase as he was walking away with the child. So that actually cuts in the people's favor that there was an intent to get this child away from his family. And that's what this defendant did. But the difficulty is the secret confinement. What inference can be drawn from what you just talked about as to confinement? Confinement where? In a car? In a tent? In Michigan? No, I mean, really, so this is where the evidence, where does a reasonable fact finder infer from the evidence the confinement element? This is where the Gonzales case becomes important. And if you look at that case, the Supreme Court, the Illinois Supreme Court, looked at the word confinement as it applied to kidnapping. And the court said that the word confinement is broad, and it can mean imprisonment or it can mean restraining. And in this case, the defendant restrained the victim. Again, the Illinois Supreme Court gave an example of tying a victim to a tree or tying a victim to a railroad track. The fact that this is in public doesn't mean that there wasn't a confinement. And if you look at the Gonzales case, the defendant in that case took the baby away from the family. And the court found that significant, even though this baby was in the public view. And that's what happened in this case. Wasn't that with the blanket and stuff? She got a blanket at the hospital or something? Yes, and counsel talked about the facts of that case, and I think those are important because that blanket wasn't to conceal the child. The blanket was to fit into her story that she had gone to the hospital to have this baby built. To conceal the fact that the child wasn't hers, to conceal the fact that she shouldn't be having that child. But that wasn't concealment to the public. It was to bolster her story to her husband that she was going to the hospital that day to have a baby. But she's walking around with the baby wrapped in the blanket. It is said that the secret confinement element of kidnapping may be shown by evidence of the secrecy of the confinement, and that's what she's doing. She's hiding the fact that she's got this child that's not hers. She's trying to make it look legitimate. But she wasn't hiding the child. I understand. She was in the public with the child exposed to everyone that could see her. Right. It made it look like it's her child and she has every right to be doing that. But that wasn't concealment in the sense of what the Gonzales court was holding. The concealment wasn't that she was wrapping this baby up and trying to hide it. The concealment was her taking the baby away from the family. And the court said, you can hide this baby in plain sight. It's similar to people hiding or transporting victims in cars that people can see. The child wasn't being hidden. The blanket wasn't being used to disguise the child. The blanket was just being used so when she got home, her story to her husband, if you look at the facts of that case, the court went into great detail about why this defendant got to the point of taking this baby. But that wasn't to say that that is the reason that they found that it was a secret concealment. It was just to explain the circumstances of the case. The gist of Gonzales, and the court says this, is you can hide someone in plain sight. And the court, using the examples of hiding someone, tying someone to the tree and saying that that person is concealed, secretly concealed, because they are being restrained, that is the holding of Gonzales, and that's why Gonzales is dispositive. And it makes the defendant's argument incorrect. You can conceal in plain sight by simply restraining that victim under Gonzales, and that's what we have here. We have the defendant taking his child from the water, even though the family was there, walking away from him with that child clutched against his chest. That child is concealed from his family, and it was concealed in public view. And under Gonzales, that is enough for secret confinement. Furthermore, when these facts were presented to the trial of facts, it was for the trial of facts to determine whether there was sufficient evidence, and here the trial of fact did. The evidence was not so unreasonable or improbable that no trial of fact could have reached this decision. And that decision from the trial of fact is entitled to great deference. Well, then would unlawful restraint be a lesser, including defense, of attempted kidnapping? You conceded the one-act violation. We did. But I mean, in Gonzales, they did say that restraint is okay as an element or a constituent part of constraining, right? Yes. So unlawful constraint in attempted aggravated kidnapping seems to me to be pretty much the same thing. Your Honor, I will be honest, and I can't give you an answer to that right now, but I will be more than happy to brief that issue for you and submit a- It's okay. I appreciate the effort. Work on the backlog. If there are no further questions, for the reasons stated here and those stated in our brief, we ask that you affirm the defendant's conviction for attempt aggravated kidnapping. Thank you. Thank you. Yes, please. The court was just talking about the facts of Gonzales, and I just want to emphasize, the defendant in Gonzales did not just walk away from the child's father in that case. The defendant in Gonzales walked in there with a plan to walk out with someone else's baby. Then she did that. Then she walked two blocks away. Then she tried to bribe a security guard who was trying to find her. I mean, there's just so many facts proving her intent there that there's nothing remotely comparable to that here. Well, how is secretly confined establishing Gonzales? That the child was secretly confined? In what basis did the court find that the child was secretly confined? The Illinois Supreme Court has said that you have a secret confinement when either the location of the confinement is a secret or the fact of the confinement is a secret. So, for example, if you're in a moving car on a public street, you might be secretly confined because the people around you might not know that you're there against your will. And in the Gonzales case, because we had a woman walking around with a newborn, with the blankets, with all those things, people around there would not have had any idea that the child had been taken from their parents. Now, in this case, we did talk in both my argument and then in the state's argument about Isaiah being at Mr. Hill's chest with his back to the family. Remember, if you're going to carry someone away from the water, you don't have a choice. You have nowhere else to hold that child. You can't sling a two-year-old across your back. So, if you're going to pick up a child and walk, you're going to have to hold the kid in front of you. That just does not show very much. Really, it does not show anything. We also do have information about why Mr. Hill did this. He told two psychiatrists... Why would anything he said to a psychiatrist be substantive evidence that a trier of fact should consider? Well, with respect to the statements introduced by the state, those would be the statements of a party opponent, so that would fall outside the hearsay rule. But even apart from that... But he did it for a limited purpose, wasn't it, as to his fitness for trial? Certainly, his statements to the defense expert could only be limited to that purpose. His statements to the state's expert, they are admissible for the truth of the matter. Well, they're not brought by the hearsay rule, that's what I would say. But even if we're talking about these statements and say, okay, the trial court can't substantively consider these statements, what the court can consider is what the psychiatrists thought about it, and both of them said that he was trying to save the child. And if you're trying to save a child, even if you're deluded about why you're doing it, you're not trying to secretly confine. Then that goes to the element of intent. Exactly. Exactly. On the state side of the scale... Does the fact finder have to agree with that? Does the fact finder have to agree with that? No, the fact finder doesn't have to agree with that. But what the fact finder has to do is it has to make a rational decision based on the evidence before it. And so if you don't, you disagree with the defense evidence, and that's why I didn't talk too much about it, because there has to be something on the state side of the scale, and whatever that is has to be strong enough to allow the trial to have no reasonable doubt about what the defendant's intent was. Are you relying at all on the fact, because you're right, I think, that both psychiatrists essentially said that he did it under his view that the child needed to be saved.  Or are you just relying on the fact that the state didn't need his brief? Both. Okay. But you think that, because you didn't argue that, I don't think, in your brief. I mentioned it in the reply brief. I can't remember off the top of my head whether it was in the opening brief, because I didn't write that. I'm sorry for that. And I wouldn't have brought it up, but you all talked about it, so I thought I'd address it. We have that tendency. I'm sorry? We have that tendency. All right. If there are no further questions. Thank you very much. We will take this under advisement, and you will hear from the jury. Thank you both. As usual, excellent job.